# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **TIMOTHY EUGENE KELLY** | ) | |
| **No. 356072,** | ) | |
| | ) | |
| **Petitioner,** | ) | **No. 3:17-cv-01302** |
| | ) | **CHIEF JUDGE CRENSHAW** |
| **v.** | ) | |
| | ) | |
| **SHAWN PHILLIPS, Warden, <u>et al.</u>,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## <u>MEMORANDUM OPINION</u>

Timothy Eugene Kelly, an inmate of the Northeast Correctional Complex in Mountain City, Tennessee, has filed a <u>pro se</u>, <u>in forma pauperis</u> petition under 28 U.S.C. § 2254 for a writ of <u>habeas corpus</u> challenging his 2011 conviction and sentencing for especially aggravated robbery, aggravated robbery, and fraudulent use of a credit card. (Doc. No. 1 at 2).

Shortly after filing his petition in this case, Petitioner initiated a separate action by filing a document entitled "Writ of Prohibition." <u>Kelly v. Phillips</u>, No. 3:17-cv-1457 (M.D. Tenn. Nov. 15, 2017)(Trauger, J., presiding). On December 21, 2017, the Honorable Aleta A. Trauger construed that document as a <u>pro se</u> petition for a writ of <u>habeas corpus</u> pursuant to 28 U.S.C. § 2254 and ordered the respondent in that case to file a response to the petition. (<u>Id.</u>, Doc. No. 6 at 1-2).

Pursuant to Federal Rule of Civil Procedure 42, Respondents' counsel then filed a motion to consolidate the Petitioner's two petitions for a writ of <u>habeas corpus</u>, contending that the two petitions concern common legal and factual questions and judicial economy would be best served by consolidation. (Doc. No. 9). Petitioner has not filed a response in opposition to Respondents' motion to consolidate.

1

Rule 42 of the Federal Rules of Civil Procedure states in pertinent part that "[i]f actions before the court involve a common question of law or fact, the court may consolidate the actions." Fed. R. Civ. P. 42(a)(2). The decision to consolidate actions is within the district court's discretion. Cantrell v. GAP Corp., 999 F.2d 1007, 1011 (6th Cir. 1993). The district court should weigh the following factors when deciding whether to consolidate actions:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Id. The district court must ensure that consolidation does not result in unavoidable prejudice or unfair advantage to any party. Id.

Here, the two petitions seeking a writ of habeas corpus involve common questions of fact and fact. The two petitions challenge the constitutionality of Petitioner's confinement pursuant to the same judgments of conviction under similar factual and legal theories. For example, both petitions allege ineffective assistance of counsel claims based on the lack of a sentencing transcript on direct appeal and a chain of custody claim based on the victim's jacket. These factors strongly weigh in favor of consolidation.

If the petitions are not consolidated, the Court risks inconsistent adjudications of common factual and legal issues. In addition, litigating two petitions that challenge the constitutionality of the same confinement within the same district and division would be an inefficient use of judicial resources and the parties' resources. Consolidation would not result in unfair prejudice or advantage to any party as the same parties would be litigating the same legal and factual issues in one court.

In short, the <u>Cantrell</u> factors weigh strongly in favor of consolidation. Therefore, Respondents' motion to consolidate will be granted. Upon consolidation of the two cases, this action will be administratively closed because a response to the petition already has been filed 3:17-cv-1457.

After filing his petition in this action, Petitioner filed a "Supplement" to his petition in which he alleges numerous conditions of confinement claims. (Doc. No. 5). The Court acknowledges the seriousness of Petitioner's allegations, but these claims should be raised in a civil rights complaint filed pursuant to 42 U.S.C. § 1983 instead of in a petition for a writ of <u>habeas corpus</u>. The Court will direct the Clerk to mail Petitioner a form § 1983 complaint for prisoners and a blank application to proceed <u>in forma pauperis</u> for prisoners for Petitioner's convenience, should he wish to pursue a civil rights action regarding the conditions of his confinement.

Finally, on March 12, 2018, Petitioner filed a "motion to correct illegal sentence" in this Court in this action, although the caption of his motion indicates that Petitioner intended for this motion to be filed in the Criminal Court of Davidson County. (Doc. No. 14 at 1). Indeed, the motion relies solely on Rule 36.1 of the Tennessee Rules of Criminal Procedure. (<u>Id.</u>) The Court will dismiss the motion without prejudice to Petitioner's ability to file the motion in the correct court. The dismissal without prejudice will have no bearing whatsoever on Petitioner's federal <u>habeas corpus</u> claims.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE